IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KERRI BUTLER, *individually*
*and as the mother and*
*natural guardian of* R.B.,

                Plaintiffs,

      vs.                              Case No. 12-4092-SAC

TARGET CORPORATION,

                Defendant.


MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's motion to remand (Dk. 6) and motion for fees, costs and sanctions (Dk. 7). The plaintiff Kerri Butler filed this slip-and-fall case in the District Court of Shawnee County, Kansas. The defendant Target Corporation ("Target") removed this action alleging in its notice the existence of federal diversity jurisdiction in that both the diversity requirement and the amount in controversy requirement of $75,000.00 were satisfied. On the latter requirement, Target asserted that the plaintiff had "placed no limit on the amount of damages she is seeking" and that "[b]ased on reasonable information and belief of Plaintiff's alleged injuries and Plaintiff's failure to stipulate to lesser damages, the amount in controversy exceeds $75,000.00." (Dk. 1, pp. 2-3). In its notice, Target did acknowledge that the "plaintiff has requested a judgment in her favor for $60,000 and for any

further relief the Court may deem just and proper." (Dk. 1, p. 1, ¶ 3)
(underlining added). The plaintiff's prayer in her state court petition actually
reads, "[p]laintiffs pray the Court enter Judgment in their favor for $60,000,
and for any other relief the Court may deem just and proper." (Dk. 1-1, p.
4) (underlining added).

        The plaintiff moves to remand arguing that her petition cannot
be read to seek more than $75,000.00. Instead, it "clearly sets forth a
$60,000 demand" and "does not request an undetermined amount for
emotional distress, future injuries, pain suffering, or other damages as
alleged by Defendants Notice of Removal." (Dk. 6-1, p. 3). Target's position
is that the plaintiff's allegations on the amount in controversy are
"ambiguous" because of the prayer for "other relief" and that the allegations
for $60,000 are not "necessarily dispositive" nor "binding" on the
jurisdictional issue. (Dk. 14, p. 4).

        "[A]ny civil action brought in a State court of which the district
courts of the United States have original jurisdiction may be removed by the
defendant . . . to the district court . . . embracing the place where such
action is pending." 28 U.S.C. § 1441(a). A federal district court has original
"diversity" jurisdiction over an action between citizens of different states and
where the amount in controversy exceeds $75,000.00, exclusive of interest
and costs. 28 U.S.C. § 1332(a). "It is well-established that statutes
conferring jurisdiction upon the federal courts, and particularly removal

statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) (citation omitted). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing that removal jurisdiction exists. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

Because the only issue here is whether the amount in controversy exceeds $75,000.00, the court will narrow its inquiry to that relevant law.  In their briefing of this issue, the parties have overlooked that Congress recently amended the procedure for removing certain civil actions. See Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub.L. No. 112–63, § 103(b), 125 Stat 760, 762 (amending 28 U.S.C. § 1446).[1] As amended by the JVCA, section (c) to 28 U.S.C. § 1446 now lays out the procedural requirements for removal based on diversity of

---

[1] The JVCA took effect on January 6, 2012. As set out in a note to 28 U.S.C. § 1332, "Publ.L. 112-63, Title I, § 105, Dec. 7, 2011, 125 Stat. 762, provided that: . . . the amendments made by this title . . . shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act [Dec. 7, 2011], and shall apply to any action or prosecution commenced on or after such effective date."  For removal actions, the commencement date is "the date the action or prosecution was commenced, within the meaning of State law, in State court." *Id.* The plaintiff Butler commenced the instant action in state court after January 6, 2012.

citizenship. Of specific importance to the present case is the language

appearing at § 1446(c)(2), which reads:

> (2) If removal of a civil action is sought on the basis of the jurisdiction
> conferred by section 1332(a), the sum demanded in good faith in the
> initial pleading shall be deemed to be the amount in controversy,
> except that--
>> (A) the notice of removal may assert the amount in controversy
>> if the initial pleading seeks--
>>> (i) nonmonetary relief; or
>>> (ii) a money judgment, but the State practice either does
>>> not permit demand for a specific sum or permits recovery
>>> of damages in excess of the amount demanded; and
>> (B) removal of the action is proper on the basis of an amount in
>> controversy asserted under subparagraph (A) if the district court
>> finds, by the preponderance of the evidence, that the amount in
>> controversy exceeds the amount specified in section 1332(a).

This amendment caused the Tenth Circuit recently to comment that the

JVCA "requires a different approach . . . in diversity removals" from its rule

in *McPhail* that a removing defendant could present its own evidence of the

amount in controversy and "a plaintiff's attempt to limit damages in the

complaint is not dispositive when determining the amount in controversy."

*Frederick v. Hartford Underwriters Insurance Company*, 683 F.3d 1242,

1247 n.3 (10th Cir. 2012). The JVCA establishes now for removal purposes

that "the sum demanded in good faith in the initial pleading shall be deemed

to be the amount in controversy," subject to certain exceptions. *Id.*; *see,*

*e.g.*, *Gable v. MSC Waterworks Co., Inc.*, 2012 WL 1118980, at *3 (N.D.

Okla. 2012) ("In cases removed to federal court based on diversity

jurisdiction, 'the sum demanded in good faith in the initial pleading shall be

deemed to be the amount in controversy ....' 28 U.S.C. § 1446.")

The first procedural question is whether any exception applies that permits the defendant to assert a different amount in controversy than what the plaintiff has alleged in her initial pleading. The first exception is if the plaintiff seeks nonmonetary relief. Target's notice of removal concedes that the plaintiff's petition requests a judgment only for "$60,000" but also seeks further relief as "the Court may deem just and proper." The plaintiff's general catchall prayer for "other relief" is not the same as a specific claim for "nonmonetary relief" contemplated in § 1446(c)(2)(A)(i). Kansas law on pleading for monetary relief in non-contract actions either "must state only that the amount sought as damages is in excess of $75,000" or "must specify the amount sought as damages" when "demanding relief for money damages in an amount of $75,000 or less." K.S.A. 60-208(a)(2). Consequently, Kansas law did not just permit but required the plaintiff to plead a specific sum of damages here. See 28 U.S.C. § 1446(c)(2)(A)(ii). Still, Kansas law also recognizes that a final judgment, other than a default judgment, "should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." K.S.A. 60-254(c). It seems that Kansas "permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Thus, the defendant's "notice of removal may assert the amount in controversy" pursuant to § 1446(c)(2)(A).

Removal "is proper on the basis of an amount in controversy asserted" in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). Prior to the JVCA, the Tenth Circuit in recent decisions employed a preponderance of evidence approach to this question, and this approach seems consistent with the JVCA's standard at § 1446(c)(2)(B):

> Under the preponderance standard, defendants seeking to remove must prove jurisdictional facts by a preponderance of the evidence. *See McPhail*, 529 F.3d at 954 ("The 'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself."); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41 (7th Cir. 2006) ("What the proponent of jurisdiction must 'prove' is contested factual assertions. . . . Jurisdiction itself is a legal conclusion, a consequence of facts rather than a provable 'fact'."). There are several ways this can be done:
>
>> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.
>
> *McPhail*, 529 F.3d at 954 (10th Cir. 2008) (quoting *Meridian*, 441 F.3d at 541–42). The defendant is thus "entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate" in the complaint. *Back Doctors* [*Ltd. v. Metro. Prop. & Cas. Ins. Co.*,] 637 F.3d [827] at 830 [(7th Cir. 2011)]. State pleading standards do not affect a defendant's entitlement to present this evidence, and a plaintiff's attempt to limit damages in the complaint is not dispositive when determining the amount in controversy. Regardless of the plaintiff's pleadings, federal jurisdiction is proper if a defendant proves jurisdictional facts by a "preponderance of the evidence" such that the amount in controversy may exceed $5,000,000. Once a defendant meets this burden, remand is appropriate only if the plaintiff can establish that it is legally impossible to recover more than $5,000,000. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–

89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Back Doctors*, 637 F.3d at 830; Bell, 557 F.3d at 959.

*Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d at 1247 (discussed the amount in controversy requirement for federal jurisdiction under the Class Action Fairness Act ("CAFA"), adopted the preponderance standard used in *McPhail,* and recognized the JVCA to have "largely codified the holding of *McPhail*" on the preponderance standard) (footnote omitted).

Here, it is not facially apparent from the face of the slip-and-fall petition that the plaintiffs' recoverable damages are likely to exceed $75,000.00. The damages are limited to the minor's broken arm and her emotional distress, and the mother's emotional distress, lost wages and related expenses. The defendant attaches what it describes as "claim notes" without any evidentiary foundation. (Dk. 14-8, pp. 1-3). These notes indicate that the child broke her dominant arm "in two places," that the child received "outpatient surgery," and that the arm cast came off one month later. *Id.* at 1. In a second telephone call, the plaintiff mother referred to approximately "$6k in specials plus" the arm "is not healing correctly" so other options are being considered including physical therapy. *Id.* at 3. The defendant offers nothing from which the court would infer that these injuries, the expected medical treatment, the associated emotional distress and lost wages are of such seriousness here that the total amount of monetary damages would be likely to exceed $75,000.00. The defendant offers nothing but a conclusory allegation that "a reasonable reading of the

Petition shows that the amount Plaintiff has placed in controversy exceeds $75,000.00." (Dk. 1, p. 2). While the plaintiffs' pleading of claimed damages may not be binding under § 1446(c)(2), nor is the defendant's conclusory assertion binding particularly in light of the required preponderance standard. The defendant must do more than point to the theoretical availability of certain categories of damages or possible medical expenses. The defendant offers no reasonable estimates for any of the likely categories of damages and costs recoverable in this slip-and-fall case that involves only a broken arm to a child.  Simply put, the defendant fails to offer anything approaching a preponderance of evidence on the relevant jurisdictional facts and the defendant's conclusory allegations on the amount in controversy are insufficient.

As for the plaintiff's refusal to stipulate to an amount in controversy less than the jurisdictional threshold, this fact alone is not enough to justify a finding of jurisdiction absent other persuasive evidence:

> One may not reasonably infer from Plaintiff's "refusal" to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000. Any number of reasons can account for Plaintiff's failure to execute Defendant's proposed stipulation: Plaintiff may not yet know the value of her claims; she may prefer to be uncooperative with Defendant; or the stipulation may simply have gotten lost in the mail (it is not clear if Plaintiff affirmatively declined to sign the stipulation, or if she just never responded to Defendant's letter). The Court will not make a finding of its subject-matter jurisdiction upon the mere whim of Plaintiff's counsel to resist signing a stipulation.

*Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 350 (D.N.J. 2010) (footnote omitted); *see Schillaci v. WalMart*, 2012 WL 4056758 at *2 (W.D.

Pa. 2012) ("Courts that applied this evidentiary standard [preponderance of evidence standard] in similar cases before it was uniformly required have rejected the notion that the failure to stipulate, on its own, will defeat a Motion to Remand." (citations omitted)).

Concerning the refusal to stipulate, the defendant overstates *Eatinger v. BP America Production Co.,* 524 F. Supp. 2d 1342, 1347 (D. Kan. 2007), as holding that "remand is not proper" when the plaintiff "refuses" to "stipulate to an amount below the jurisdictional threshold." (Dk. 14, p. 4). The defendant's notice of removal in *Eatinger* included affidavits with figures and percentages that "moved beyond conclusory statements, and instead provided the reasonable probability that the amount in controversy would exceed the jurisdictional amount." 524 F. Supp. 2d at 1347. The court in *Eatinger* recognized that there was precedent in Kansas that a plaintiffs' specific pleading of damages below the jurisdictional amount and their express stipulation to the same "effectively waived any relief in excess of the jurisdictional amount" and resulted in the defendants being unable to carry their burden of preventing remand. *Id.* Thus, *Eatinger* recognizes that when the plaintiffs plead specific damages less than jurisdictional amount but refuse to stipulate and waive relief in excess of that amount, the defendants may still be able to carry their burden of proving the jurisdictional amount. Because Target has failed to carry its burden here, the court finds that federal jurisdiction is not proper and grants the plaintiff's motion to remand.

The plaintiff moves for fees and costs pursuant to 28 U.S.C. § 1447(c) arguing that Target lacked "an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The plaintiff points out Target's unsupported allegations and its lack of legal and factual authority for removal. Target summarily denies that it lacked an objectively reasonable basis for removal.

"'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Porter Trust v. Rural Water Sewer and Solid Waste Management Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting *Martin*, 546 U.S. at 141). The court finds that the plaintiff has shown the removal here was objectively unreasonable and that Target is unable to articulate an objectively reasonable basis for filing the notice of removal. The state court petition here does not allege damages exceeding $75,000.00, and the face of the petition does not describe an incident or injuries of such seriousness as to make it likely for the jurisdictional amount to be reached. The defendant does not proffer any evidence suggesting a reasonable factual basis for believing this threshold would likely be reached. Finally, the plaintiff's mere refusal to stipulate to an amount of damages less than the jurisdictional amount is not an objectively reasonable basis for removal, because this failure to stipulate is not a basis

for federal jurisdiction by itself. The court grants the plaintiff's motion for costs and attorney fees "incurred as a result of the removal," namely the reasonable amount of attorney's fees and costs incurred in preparing and filing the motion to remand and motion for fees and costs.

The parties are directed to confer and reach agreement as to the amount of costs/fees if possible. If no agreement is reached, the plaintiff shall file her motion for determination of the cost/fees amount by November 21, 2012. The motion shall include "a statement that . . . the parties have been unable to reach an agreement with regard to the" amount of costs/fees, "a memorandum setting forth the factual basis" for the criteria relevant in determining the reasonable costs/fees, and "time records, affidavits or other evidence" in support of the requested amount of costs/fees. *See* D. Kan. Rule 54.2(c). The defendant shall have 14 days to file a response. *Id.* at 54.2(d).

The plaintiff also seeks sanctions pursuant to Fed. R. Civ. P. 11. The plaintiff has not complied with the procedural requirements for sanctions under Rule 11 in failing to file a motion separate from any other motion and in serving but not filing the motion within the safe harbor period. For these reasons, the court will summarily deny the request for sanctions, particularly after reviewing additional email submitted by the defendant's counsel regarding efforts to resolve the issue of remand.

IT IS THEREFORE ORDERED the plaintiff's motion to remand (Dk. 6) is granted, the plaintiff's motion for fees and costs pursuant to § 1447(c), (Dk. 7) is granted, but the plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 11 (Dk. 7) is denied;

IT IS FURTHER ORDERED that the court retains limited jurisdiction for the sole purpose of determining the amount of costs/fees pursuant to the procedure outlined above. Subject to that reservation, this case is immediately remanded to the District Court of Shawnee County, Kansas. The clerk of the court is directed to mail a certified copy of this order to the clerk of the Shawnee County District Court of Kansas pursuant to § 1447(c).

Dated this 31st day of October, 2012, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge