IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KERRI BUTLER, *individually*
*and as the mother and*
*natural guardian of* R.B.,

        Plaintiffs,

vs.                                          Case No. 12-4092-SAC

TARGET CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's untimely submission of fees and costs (Dk. 21) and the defendant's response and objection to the plaintiff's submission (Dk. 22). In an order filed October 31, 2012, the court granted the plaintiff's motion to remand and also granted her separate motion pursuant to 28 U.S.C. § 1447(c) for fees and costs incurred as a result of Target's objectively unreasonable removal of this action. (Dk. 18). The court's order spelled out the procedure for determining and imposing this order of fees and cost:

> The parties are directed to confer and reach agreement as to the amount of costs/fees if possible. If no agreement is reached, the plaintiff shall file her motion for determination of the cost/fees amount by November 21, 2012. The motion shall include "a statement that . . . the parties have been unable to reach an agreement with regard to the" amount of costs/fees, "a memorandum setting forth the factual basis" for the criteria relevant in determining the reasonable costs/fees, and "time records, affidavits or other evidence" in support of the requested amount of costs/fees. *See* D. Kan. Rule 54.2(c). The defendant shall have 14 days to file a response. *Id.* at 54.2(d).

(Dk. 18, p. 11).

On January 10, 2013, the plaintiff filed a "submission of fees and costs" that sets forth her counsel's typical hourly rate and a listing of time spent on different matters resulting from the removal. The filing asks for $1,740 (8.7 hours times $200 per hour). (Dk. 21). This filing fails to meet several material requirements of the court's prior order. It was not filed by November 21, 2012, and is devoid of any request for extension of time or showing of excusable neglect. It does not include a statement that the parties have been unable to reach an agreement on the amount of costs/fees. According to the defendant's filing, the "[p]laintiff's counsel never made contact with defendant's counsel attempting to reach an agreement to costs and fees." (Dk. 22, p. 3). Finally, the plaintiff's submission does not include any affidavit or other evidence in support of the hours listed in the submission.

In light of the plaintiff's complete failure to follow the court's prior order based on requirements cited from D. Kan. Rule 54.2, the defendant asks the court to deny or overrule the plaintiff's submission or to award no fees or costs to the plaintiff. The defendant's response plainly put the plaintiff on notice of the deficiencies with her filing. Despite this notice, the plaintiff has not filed any reply nor made any attempt to comply with the court's order and the requirements of D. Kan. Rule 54.2.

The court is convinced that these circumstances warrant no award of fees and costs here:

> Finally, plaintiffs have failed to comply with the required procedure set out in D. Kan. Rule 54.2. That rule provides for a motion for statutory attorney fees, then promptly-initiated consultation with the opposing party, and then the filing of a memorandum with the factual basis for the motion. *See id*. The rule expressly provides that the court may not consider a motion for fees until the moving party has filed a statement of compliance with the consultation requirement. In this case, plaintiffs filed their motion and supporting memorandum simultaneously, without a statement or any other suggestion of a consultation with Purolite. Indeed, even after Purolite pointed out this defect in its response brief, plaintiffs refused to cure that defect or even to address the local rule in their reply brief. Therefore, plaintiffs' motion is properly denied for that reason as well.

*Layne Christensen Co. v. Bro-Tech Corp.*, 871 F.Supp.2d 1104, 1124 (D. Kan. 2012). Not only did the plaintiff fail to comply with all material parts of the court-ordered procedure adapted from its local rule, but the plaintiff also offers no explanation or justification for doing so. The court cannot sanction such disregard with any award of fees and costs.

IT IS THEREFORE ORDERED that the court retaining limited jurisdiction of this matter for the sole purpose of determining the amount of costs/fees pursuant to the procedure outlined above hereby awards no fees and costs to the plaintiff for the reasons stated above.

Dated this 20th day of February, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge